**Theresa POXON, David Poxon, minors, by and through their Guardian Ad Litem, Nancy Poxon, Plaintiffs,**

v.

**BOARD OF EDUCATION et al., Defendants.**

**Civ. No. S1894.**

United States District Court, E. D. California.

Aug. 31, 1971.

Karlton, Blease & Vanderlaan, John M. Poswall, Sacramento, Cal., Paul N. Halvonik, Charles C. Marson, San Francisco, Cal., for plaintiffs.

John B. Heinrich, County Counsel, Robert Galgani, Deputy County Counsel, County of Sacramento, Sacramento, Cal., for defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

WILKINS, District Judge.

This matter came on regularly for decision on the Plaintiff's Motion for Summary Judgment on July 7, 1971, both parties having filed affidavits and legal briefs.

## HISTORY

Plaintiffs have previously filed a Notice of Request for the Convening Of A Three-Judge Court, OR In The Alternative, A Declaration That The Federal Question Is Insubstantial To Warrant Such A Convening. Such a request was made pursuant to 28 U.S.C. § 2281, since plaintiffs' complaint called into question the constitutionality of a State Statute, to wit: Education Code Section 9021.

On April 5, 1971, such request was heard and this Court declared, by order dated April 19, 1971, that the convening of a three-judge court was unnecessary since no substantial federal question existed in that Education Code Section 9021 was patently unconstitutional.

Thereafter, plaintiffs moved for Summary Judgment, challenging the "Policy Governing the Distribution of Non-School Sponsored Literature" as unconstitutionally vague and overbroad and as an unconstitutional prior restraint on plaintiff-students' First Amendment rights.

## FACTS

### I.

Plaintiffs are students within the San Juan Unified School District who were denied permission to circulate a non-school sponsored newspaper known as "Downwind." They brought this action to challenge such denial and the existence of a system requiring prior submission of their publication for administration approval under guidelines established by the district.

Affidavits have been submitted by both parties. Plaintiff Theresa Poxon's affidavit details her peaceful efforts to effect distribution and obtain defendants' permission therefor. Defendants' numerous affidavits describe abuses by students, including violence, and relate such abuses to distribution of non-school sponsored literature. Neither party's affidavits are contravened by the other.

### II.

The Court finds that there exists no triable issues of material facts.

## LAW

### I.

Summary Judgment is appropriate, there being no disputed or triable issues of material facts.

### II.

■ Any system of prior restraints of expression comes to a court with a heavy presumption against its constitutional validity.

### III.

■ Defendant Board of Education, San Juan Unified School District did not present any triable issues of facts which, if true, would permit adoption of a system of prior restraints applicable to the students in its schools.

### IV.

■ Defendant Board of Education, San Juan Unified School District did not present any triable issues of fact, which, if true would demonstrate that less offensive alternatives to a prior restraint system are unavailable.

### V.

■ Policy No. 5138, entitled "Policy Governing the Distribution of Non-School Sponsored Literature" is declared to be an unconstitutional prior restraint system.

### VI.

The Court does not decide the question of vagueness or overbreadth of the policy herein at this time; nor does it decide whether the individual defendant principals violated the constitutional rights of the plaintiff students in the application of the policy herein to said plaintiffs and are liable in damages therefor.

## VII.

The Court declines to retain jurisdiction or to enjoin the defendants herein since it is assumed that public officials will follow the law. Plaintiffs are free to apply to this Court for an appropriate order if defendants act to the contrary.